# Order

Michigan Supreme Court
Lansing, Michigan

December 20, 2019

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

159004

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

RAYMOND CHARLES COLVILLE,
      Defendant-Appellant.

SC: 159004
COA: 336405
Oakland CC: 2015-255034-FH

_____/

On order of the Court, the application for leave to appeal the November 29, 2018 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE Part II of the Court of Appeals judgment addressing the defendant's motion to suppress, and we REMAND this case to the Oakland Circuit Court for further proceedings. The circuit court shall conduct an evidentiary hearing to determine: (1) whether, at the time that Officer Proulx initially searched the property at 695 Livernois, he had been advised that he had consent to search the property; (2) if so, whether Treasury employee Jill Robinson had actual authority to consent to that search; and (3) if not, whether Officer Proulx reasonably relied on apparent authority for consent to search, i.e., whether it was reasonable for him to rely on the apparent consent without making any effort to verify the authority to consent, in light of the citation posted on the front door. The circuit court shall then decide whether to grant the defendant a new trial. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

We do not retain jurisdiction.

ZAHRA, J. (*dissenting*).

I respectfully dissent from the order remanding this case to the trial court for an evidentiary hearing to determine whether, at the time that Officer Proulx initially searched the property at 695 Livernois, he had been advised that he had consent to search the property; whether Department of Treasury employee Jill Robinson had actual authority to consent to that search; or whether Officer Proulx reasonably relied on Robinson's apparent authority for consent to search. Defendant did not preserve these issues below and has not properly presented these issues to this Court. Instead, defendant raises only two issues in this Court: whether the Court of Appeals misapplied the doctrine of "inevitable discovery" in rejecting defendant's argument that the search of his house violated the Fourth Amendment; and whether defendant was denied his right to an impartial jury, or to the effective assistance of counsel, when a juror attempted to engage

a court clerk in a conversation about the case, but no further inquiry was made into (a) what was said, (b) whether the juror was biased, or (c) whether there was further communication with the jury at large. Because the questions presented on remand were not preserved and were wholly abandoned by defendant, I would deny the application for leave to appeal and offer defendant no avenue for relief.

In the trial court, defendant moved to suppress incriminating evidence recovered from the warrantless entry into the Livernois home under the Fourth Amendment. His motion, however, focused on the validity of the search warrant and the veracity of the assertions within Detective Matthew Goebel's affidavit supporting the warrant rather than Officer Proulx's initial warrantless entry. Defendant alerted the trial court that the county did not own the Livernois home and alleged that "Ms. Robinson did not have authority to grant officers or county employees permission to enter the premises/home." But he made this assertion in the context of requesting an evidentiary hearing pursuant to *Franks v Delaware*,[1] arguing that the allegations in Detective Goebel's affidavit were materially false. Defendant did not ask for a hearing on whether Officer Proulx or Detective Goebel had valid consent to search, nor did he present any argument on the doctrine of consent. In the Court of Appeals, defendant again stated that Robinson had no authority to consent to the search, but just as he failed to do before this Court, he did not argue the relevant body of law on the validity of Robinson's consent.

This Court has recognized that

[i]t is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.[2]

---

[1] *Franks v Delaware*, 438 US 154 (1978).

[2] *Mitcham v Detroit*, 355 Mich 182, 203 (1959).

As the appellant, defendant was required to preserve his issues adequately and make at least a threshold showing of error entitling him to relief.[3]  His failure to do so constitutes abandonment of those issues on appeal.[4]  This Court correctly denies defendant relief on the issues he raises, but on its own initiative also grants defendant relief that he has not requested.  Because defendant has failed to properly raise and present the dispositive arguments adopted by the majority or any other jurisprudentially significant issues ripe for resolution, I would deny him the relief the majority gives him today.

---

[3] See *id*. ("The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow.").

[4] *People v McGraw*, 484 Mich 120, 131 n 36 ("Failure to brief an issue on appeal constitutes abandonment.").



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 20, 2019



Clerk

t1217